## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-15-186-D |
| MANUEL ALBERTO GONZALEZ-MEZA, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant Manuel Alberto Gonzalez-Meza's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 64], along with his Suggestions in Support [Doc. No. 65]. The government filed a Response [Doc. No. 68], and Defendant filed a Reply [Doc. No. 69]. The matter is fully briefed and at issue.

### BACKGROUND

On December 1, 2015, Defendant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846 and was later sentenced to 192 months in prison. Defendant is currently incarcerated at FCI Lompoc, and his projected release date is August 27, 2029. *See* Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited December 3, 2024).

In the instant Motion, Defendant asks the Court to reduce his sentence to time served pursuant to § 3582(c)(1)(A)(i). He argues that extraordinary and compelling circumstances, along with relevant § 3553(a) factors, warrant reduction.[1]

## STANDARD OF DECISION

Although a district court generally may not modify a defendant's sentence, it may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A defendant may seek compassionate release in a district court only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

After administrative remedies are exhausted, a district court may grant a request for compassionate release only if it (1) "finds that extraordinary and compelling reasons warrant such a reduction," (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021)). If any one of these three requirements is lacking, a district court may deny the compassionate-release motion. *Id.*

---

[1] Defendant previously challenged his conviction under 28 U.S.C. § 2255, which the Court denied. *See* 1/6/2017 Order [Doc. No. 44]. Defendant has also sought compassionate release once before, which the Court also denied. *See* 12/13/2022 Order [Doc. No. 56].

2

## DISCUSSION

The government advances two primary reasons as to why Defendant's Motion should be denied: (1) Defendant has not exhausted administrative remedies; and (2) Defendant fails to establish that extraordinary and compelling circumstances support a reduction in sentence. The Court addresses each argument in turn.

### I.     Defendant has not exhausted his administrative remedies.

Before addressing the merits of Defendant's Motion, the government first argues that Defendant has failed to exhaust his administrative remedies. Specifically, the government argues that despite Defendant claiming to have made a compassionate-release request to the warden pursuant to 18 U.S.C. § 3582(c)(1)(A) and 28 C.F.R. § 571.61(a), there is no proof that he actually did so. Gov't Resp. at 4. Instead, the government continues, Defendant attached to his Motion the 2022 compassionate-release request he submitted to the warden at FCI Victorville, not a current request to the warden at FCI Lompoc. *Id.* at 4-5. The government states that it "contacted BOP counsel to obtain documentation but was advised that such a record of a request to the warden does not exist." *Id.* at 5.

In his Reply, Defendant argues that there is "nothing in the compassionate release statute . . . which states what information a defendant must include in his request to the Warden." Def.'s Reply at 1-2. Although Defendant notes that the government "quotes a C.F.R. to this effect, . . . C.F.R.'s are not available to the defendant." *Id.* at 2.

Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but rather is a mandatory claim-processing rule. *Hemmelgarn*, 15 F.4th at 1030. The Court must enforce

3

the rule when the government invokes it, as it does here. *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished).

In his Motion, Defendant states that "[o]n October 26, 2023, [he] made a request for compassionate release to the Warden at the United States Penitentiary at Lompoc, California" and that the Warden never responded. Def.'s Mot. at 4.[2] However, the document that Defendant cites in support appears to be the request he submitted before he filed his first motion for compassionate release in 2022. *Compare* Def.'s Mot., Ex. 2 [Doc. No. 65-2], *with* Def.'s 2022 Mot., Ex. 1 [Doc. No. 46-1]. Further, the government states that BOP counsel advised "such a record of a request to the warden does not exist." Gov't Resp. at 5.

Simply put, there is no "proof" before the Court that Defendant actually did submit a compassionate-release request to the Warden at FCI Lompoc before filing the instant Motion. *See Hemmelgarn*, 15 F.4th at 1030. The Court must therefore conclude that Defendant failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A) and 28 C.F.R. § 571.61(a). *See United States v. Norwood*, No. CR-06-180-F, [Doc. No. 335] at 3 (W.D. Okla. June 29, 2021) ("Because the court concludes that defendant cannot rely upon the October 6, 2020 request for the present motion and defendant has not submitted any evidence of another request to his facility's warden for compassionate release, the court finds that defendant has failed to demonstrate compliance

---

[2] Defendant filed a standalone Motion [Doc. No. 64], but his substantive arguments are set forth in his Suggestions in Support [Doc. No. 65]. Therefore, the Court cites to the Suggestions in Support as "Def.'s Mot."

4

with the requirements of § 3582(c)(1)(A) prior to filing of the present motion."); *see also United States v. Salazar-Salazar*, No. CR-11-244-PRW, [Doc. No. 64] at 3 (W.D. Okla. Apr. 12, 2022) ("Since it is incumbent on a defendant to establish exhaustion of administrative remedies and here Defendant Salazar-Salazar has failed to demonstrate such exhaustion, the current motion must be dismissed for failure to exhaust administrative remedies.").

## II. Setting aside Defendant's failure to exhaust administrative remedies, no extraordinary and compelling reasons support a reduction in sentence.

Even though the Court finds that Defendant did not satisfy the exhaustion requirements of § 3582(c)(1)(A), the Court, in the interests of judicial economy, alternatively rules on the merits of Defendant's Motion. Had Defendant exhausted his administrative remedies, Defendant's Motion does not establish that a sentence reduction is warranted.

As stated above, courts may grant compassionate release only after finding: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the § 3553(a) factors, to the extent they are applicable, weigh in favor of compassionate release. *Hemmelgarn*, 15 F.4th at 1029 (quotations omitted). "[D]istrict courts are free to deny relief on the basis of any one of § 3582(c)(1)(A)'s requirements without considering the others." *United States v. Hald*, 8 F.4th 932, 936-37 (10th Cir. 2021).

In this case, Defendant's Motion is most easily addressed by considering whether extraordinary and compelling reasons warrant a sentence reduction. Through USSG §

1B1.13, the Sentencing Commission identifies six categories of circumstances which qualify as "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A): (1) certain terminal, debilitating, or specialized medical conditions; (2) the defendant is 65 years or older and meets other requirements; (3) the defendant's family has specified needs for a caregiver; (4) the defendant becomes a victim of sexual or physical abuse while incarcerated; (5) the defendant presents a combination of circumstances listed above; or (6) the defendant received an unusually long sentence and has served at least ten years. Defendant's Motion implicates the following: medical circumstances; family and related personal circumstances; unusually harsh prison conditions; and rehabilitation. The Court addresses each in turn.

### A. Defendant's medical circumstances

Defendant contends that he suffers from "serious medical conditions at the present time which cannot be cured, and [from which] he will never recover." Def.'s Mot. at 12. Specifically, Defendant references hypertension, obesity, thyrotoxicosis, and tachycardia, and further states he was "recently hospitalized pursuant to heart issues." *Id.* at 13-18. Defendant additionally claims BOP "will not provide [adequate medical care] due to cost and lack of medical staff." *Id.* at 24.

Construed liberally, Defendant's motion appears to implicate §§ 1B1.13(b)(1)(B), (C), and (D). First, Defendant's medical circumstances do not satisfy § 1B1.13(b)(1)(B), which requires a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." For purposes of this Motion, the

Court assumes without deciding that at least one of Defendant's various medical conditions could be considered a "serious physical or medical condition." However, upon review of Defendant's medical records (a detailed summary of which may be found at pages 8-10 of the government's Response), it appears Defendant's various medical conditions are being adequately treated and/or controlled with medication.

Section 1B1.13(b)(1)(C) applies when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Although Defendant lists numerous medical conditions, he fails to sufficiently allege that he is not being provided required long-term or specialized medical care or that, without such care, he is at risk of death or a serious decline in health. Defendant's allegation that he is "in need of specialized medical treatment which [BOP] will not provide due to cost and lack of medical staff" is unsupported by Defendant's medical records. Indeed, Defendant's medical records reflect that he is receiving treatment for his medical conditions, which appear to be controlled with medication (or, at least as it relates to his hypertension, appear to have subsided altogether).

Finally, § 1B1.13(b)(1)(D) applies when: (1) the defendant is housed at a correctional facility affected or is at imminent risk of being affected by an ongoing outbreak of infectious disease, such as COVID-19; (2) due to personal health risk factors, the defendant is at an increased risk of suffering severe medical complications or death if exposed; and (3) the risk of exposure cannot be adequately mitigated in a timely manner.

For the same reasons explained in its order denying Defendant's prior compassionate-release motion, the Court finds that a reduction in Defendant's sentence is not warranted due to COVID-19. *See* 12/13/2022 Order at 5-6 (finding that "the pandemic does not present an extraordinary and compelling reason" due to the efficacy of the COVID-19 vaccine, which Defendant had received).[3] The Court incorporates in full the analysis and findings from its December 13, 2022 order and concludes that "Defendant's inoculation with a COVID-19 vaccine that is highly effective at preventing severe illness, coupled with the fact that the virus is not present to a significant degree at USP Lompoc, leads the Court to find that the pandemic does not present an extraordinary and compelling reason for reducing his sentence." *Id.* at 6; *see also United States v. Warren*, 22 F.4th 917, 929 (10th Cir. 2022) (recognizing that "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release" (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020))).

For these reasons, the Court finds that Defendant has not shown extraordinary and compelling reasons related to his medical conditions.

### B.   Defendant's family and related personal circumstances

Although he includes a header entitled "Family Circumstances," Defendant merely states that he "has an ICE detainer for deportation to Mexico upon his release from federal

---

[3] Defendant is incarcerated at FCI Lompoc, which reports one active COVID-19 case among 2,603 total inmates. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Dec. 3, 2024). This is compared to four active cases among 1,016 total inmates at the time of the Court's prior order. *See* 12/13/2022 Order at 6 n.3.

custody." Def.'s Mot. at 25. As the government argues, Defendant fails to set forth specific family circumstances that could potentially fall within the narrow realm of § 1B1.13(b)(3)(A), (B), or (C).

Defendant also contends that his ICE "detainer prevents [him] from earning time credits due to the fact that he will be deported, and he is ineligible for the early release options of a Residential Reentry Center or home confinement." *Id.* at 26. To the extent Defendant invokes the Equal Protection Clause in arguing that extraordinary and compelling circumstances exist, the Court previously rejected the same argument. *See* 12/13/2022 Order at 6-7. The Court incorporates in full the analysis and findings from its December 13, 2022 order and concludes that "Defendant's arguments that extraordinary and compelling circumstances exist based on alleged violations of the Equal Protection Clause" are unpersuasive. *Id.* at 7. To the extent Defendant advances an argument not based in the Equal Protection Clause, the Court is unable to discern from his Motion—and is therefore unable to analyze—what that argument might be.

### C. Unusually harsh prison conditions

Defendant also argues that he has experienced unusually harsh conditions of confinement as a result of lockdown measures undertaken to control the spread of COVID-19 and, further, that federal prisons have become unsafe due to staff shortages. Def.'s Mot. at 24-25. However, these broad conditions faced by all inmates do not warrant Defendant's early release. *See United States v. Gonzalez*, No. CR-04-179-R, 2024 WL 899967, at *1 (W.D. Okla. Mar. 1, 2024) (quoting *United States v. Johnson*, No. 3:17-CR-01569-DCG-1, 2023 WL 2671403, at *5 (W.D. Tex. Mar. 28, 2023)) (declining to find extraordinary

and compelling reasons in the context of prison-wide conditions related to COVID-19 because "harsh conditions faced by all inmates are not extraordinary").

### D. Rehabilitation

Defendant states that he is remorseful for his past conduct and that he has participated in all rehabilitation programs that have been made available to him. Def.'s Mot. at 30. The Court commends Defendant's participation in available BOP programs, but, as the government notes and as the Court explained in its prior order denying Defendant's compassionate-release motion, Defendant has been cited for several disciplinary infractions while incarcerated. Gov't Resp. at 12-13; 12/13/2022 Order at 9 (setting forth four separate infractions while incarcerated). As the Court previously found, these incidents "prevent the Court from concluding that extraordinary and compelling circumstances exist based on Defendant's alleged rehabilitation." 12/13/2022 Order at 9. But even if the Court were to agree with Defendant that he has been fully rehabilitated, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

### III. Defendant's request for the Court to appoint counsel is denied.

Where, as here, counsel is not required by the Constitution, the decision to appoint counsel is a matter of judicial discretion. *See Hemmelgarn*, 15 F.4th at 1032; *Engberg v. Wyo.*, 265 F.3d 1109, 1121-22 (10th Cir. 2001). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present

his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Upon consideration of these factors, the Court denies Defendant's request to appoint counsel, especially considering that Defendant has shown with the present Motion—as well as his prior compassionate-release motion—he is capable of self-representation, and the legal issues raised by Defendant's request are not complex.

## CONCLUSION

Defendant is not entitled to a reduction in sentence, as he failed to exhaust administrative remedies. But even if Defendant had exhausted administrative remedies, no extraordinary and compelling reasons support a reduction in sentence. Accordingly, Defendant's Motion [Doc. No. 64] is **DENIED**. Additionally, Defendant's request for the appointment of counsel is **DENIED**.

**IT IS SO ORDERED** this 10th day of December, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge